UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR MOSQUERA GAMBOA, | ) Case No. CV 09-0656-DSF(RC) |
| | ) |
| Petitioner, | ) |
| | ) OPINION AND ORDER |
| vs. | ) |
| | ) |
| JOSEPH NORWOOD, WARDEN, | ) |
| | ) |
| Respondent. | ) |

On January 28, 2009, petitioner Edgar Mosquera Gamboa, a federal inmate confined in this judicial district, filed a purported petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his convictions and sentence for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 and money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) on the following grounds: (1) petitioner is "actually and factually innocent" of money laundering under United States v. Santos, 128 S. Ct. 2020, 170 L. Ed. 2d 912 (2008) because he "never used any illegal profits for any purpose, proceeds were used to pay normal operating expenses"; and (2) petitioner is "actually and factually innocent" of his life

sentences for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine because the district court made factual findings of the amount of drugs in violation of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) and its progeny, and his sentence should have been no more than 20 years since his offenses involved "only a 'DETECTABLE AMOUNT' of cocaine."

**BACKGROUND**

On September 8, 1993, in United States District Court for the Southern District of Texas case no. CR 93-0082,[1] a jury convicted petitioner[2] of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (count 1), aiding and abetting possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2 (counts 3 & 4), and aiding and abetting money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (count 5), and petitioner was subsequently sentenced to life in prison. The Fifth Circuit Court of Appeals affirmed petitioner's convictions and sentence in an unpublished decision filed August 15, 1995, and the Supreme Court denied certiorari on December 11, 1995. United States v. Gamboa, 66 F.3d 322 (5th Cir.) (unpublished decision), cert. denied sub nom., Palacios-Bastida v. United States, 516 U.S. 1032 (1995).

---

[1] The Court takes judicial notice, pursuant to Fed. R. Evid. 201, of the docket sheet in Southern District of Texas case no. CR 93-0082.

[2] The petitioner was tried with several codefendants. Petition, Exh. 1.

1    On July 9, 2001, petitioner filed his first motion to vacate, set
2 aside, or correct his sentence under 28 U.S.C. § 2255 in the District
3 Court for the Southern District of Texas, which denied the motion on
4 April 16, 2003.  The district court also denied petitioner's request
5 for a certificate of appealability.

7    On April 15, 2008, petitioner filed a motion to modify or correct
8 a sentence based on retroactive sentencing guideline amendments nos.
9 484 and 591, and on June 17, 2008, petitioner filed a second motion to
10 modify or correct his sentence based on retroactive guideline
11 amendment no. 505.  On January 7, 2009, the district court denied
12 these motions.

**DISCUSSION**

15    The Court, having reviewed the pending petition, has determined
16 it is another motion to vacate, set aside or correct petitioner's
17 sentence under 28 U.S.C. § 2255, rather than a habeas corpus petition
18 under 28 U.S.C. § 2241.  See Hernandez v. Campbell, 204 F.3d 861, 865
19 (9th Cir. 2000)(per curiam) ("[A] court must first determine whether a
20 habeas petition is filed pursuant to § 2241 or § 2255 before
21 proceeding to any other issue.").  In making this determination, the
22 Court has considered whether the pending action comes within Section
23 2255's "savings clause," and, for the reasons discussed below, has
24 determined it does not.

26    "The general rule is that a motion under 28 U.S.C. § 2255 is the
27 exclusive means by which a federal prisoner may test the legality of
28 his detention, and that restrictions on the availability of a § 2255

motion cannot be avoided through a petition under 28 U.S.C. § 2241." <u>Stephens v. Herrera</u>, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted), <u>cert. denied</u>, 549 U.S. 1313 (2007); <u>Harrison v. Ollison</u>, 519 F.3d 952, 955-56 (9th Cir.), <u>cert. denied</u>, 129 S. Ct. 254 (2008). By contrast, a habeas corpus petition under 28 U.S.C. § 2241 is the appropriate mechanism by which a federal prisoner challenges the manner, location or conditions of the execution of his sentence. <u>Hernandez</u>, 204 F.3d at 864. The distinction between a motion to vacate, set aside or correct a sentence under Section 2255 and a habeas corpus petition under Section 2241 affects not only the type of relief generally available, but also whether a particular district court has jurisdiction to hear the request. <u>Id.</u> at 865. Section 2255 motions must be heard in the district court in which the federal prisoner was convicted and sentenced, whereas habeas corpus petitions under Section 2241 may be heard in the district court in which the federal prisoner is confined. <u>Id.</u>

Although petitioner is currently confined in the Central District of California, and this Court has jurisdiction to hear a habeas corpus petition under Section 2241, the claims petitioner raises in this action directly challenge the legality of his convictions and sentence; thus, petitioner's claims are presumptively cognizable only in a Section 2255 motion to vacate sentence, which must be filed in the District Court for the Southern District of Texas. Nevertheless, Section 2255 has an "escape hatch" or "savings clause," which provides that "[a] federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is 'inadequate or ineffective to test the legality of his

4

1 detention.'"  Harrison, 519 F.3d at 956; Stephens, 464 F.3d at 897.
2 The petitioner has the burden of demonstrating Section 2255 is
3 "inadequate or ineffective."  Redfield v. United States, 315 F.2d 76,
4 83 (9th Cir. 1963).

6    The "inadequate or ineffective" exception is "narrow[,]" Ivy v.
7 Pontesso, 328 F.3d 1057, 1059 (9th Cir.), cert. denied, 540 U.S. 1051
8 (2003); United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997), and
9 "the general rule . . . is that the ban on unauthorized second or
10 successive petitions does not per se make a § 2255 'inadequate or
11 ineffective.'"  Stephens, 464 F.3d at 898 (quoting Lorentsen v. Hood,
12 223 F.3d 950, 953 (9th Cir. 2000) (quoting § 2255)); see also Ivy,
13 328 F.3d at 1059 ("§ 2255's remedy is not 'inadequate or ineffective'
14 merely because § 2255's gatekeeping provisions prevent the petitioner
15 from filing a second or successive petition. . . ." (citation
16 omitted)).  However, "a motion meets the escape hatch criteria of
17 § 2255 'when a petitioner (1) makes a claim of actual innocence, and
18 (2) has not had an unobstructed procedural shot at presenting that
19 claim.'"  Harrison, 519 F.3d at 959 (citation omitted); Stephens,
20 464 F.3d at 898.  "'To establish actual innocence, petitioner must
21 demonstrate that, in light of all the evidence, it is more likely than
22 not that no reasonable juror would have convicted him.'"  Stephens,
23 464 F.3d at 898 (citation omitted).  To determine "whether a
24 petitioner had an unobstructed procedural shot to pursue his claim,
25 [the Court asks] whether petitioner's claim 'did not become available'
26 until after a federal court decision."  Harrison, 519 F.3d at 960
27 (quoting Stephens, 464 F.3d at 898).  That is, the Court must
28 consider: "(1) whether the legal basis for petitioner's claim 'did not

1  arise until after he had exhausted his direct appeal and first § 2255
2  motion;' and (2) whether the law changed 'in any way relevant' to
3  petitioner's claim after that first § 2255 motion." Harrison,
4  519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060-61).

6     In Ground One, petitioner bases his "actual innocence" claim on
7  *Santos*, in which a deeply divided Supreme Court affirmed the Seventh
8  Circuit's definition of the term "proceeds" in the money laundering
9  statute, 18 U.S.C. § 1956(a)(1)(A)(i),[3] as net profits, rather than
10 gross receipts, of an illegal gambling business. Santos, 128 S. Ct.
11 at 2025-34. Based on this holding, petitioner claims he is "actually
12 innocent" of his money laundering conviction because he "never used
13 any illegal profits for any purpose, proceeds were used to pay normal
14 operating expenses." Yet, since petitioner has provided absolutely no
15 evidentiary support for this claim, he has not shown the savings
16 clause applies to it. Stephens, 464 F.3d at 899; Redfield, 315 F.2d
17 at 83.
18 //

---

[3] At the time of petitioner's conviction, Section 1956(a)(1)(A)(i) provided:

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity . . . with the intent to promote the carrying on of specified unlawful activity . . . shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both.

18 U.S.C. § 1956(a)(1)(A)(i) (1993).

1    In any event, *Santos* does not support petitioner's actual
2 innocence claim.  To the contrary, although the Supreme Court held
3 "proceeds" means the net profits rather than the gross receipts of an
4 illegal gambling business, five justices agreed that "Congress
5 intended the term 'proceeds' to include gross revenues from the sale
6 of contraband and the operation of organized crime syndicates
7 involving such sales."  Id. at 2032 & n.3 (Stevens, J., concurring);[4]

---

[4]    The effect of Justice Stevens's concurrence in *Santos* is
a matter of some debate.  See, e.g., Santos, 128 S. Ct. at 2031
(plurality); id. at 2034 n.7 (Stevens, J., concurring).  General-
ly, when, as here, "a fragmented Court decides a case and no
single rationale explaining the result enjoys the assent of five
Justices, 'the holding of the Court may be viewed as that
position taken by those Members who concurred in the judgments on
the narrowest grounds. . . .'"  Marks v. United States, 430 U.S.
188, 193, 97 S. Ct. 990, 993, 51 L. Ed. 2d 260 (1977) (citation
omitted).  However, "[t]his rule only works in instances where
one opinion can meaningfully be regarded as narrower than another
- only when one opinion is a logical subset of other, broader
opinions, that is to say, only when that narrow opinion is the
common denominator representing the position approved by at least
five justices.  When it is not possible to discover a single
standard that legitimately constitutes the narrowest ground for a
decision on that issue, there is then no law of the land because
no one standard commands the support of a majority of the Supreme
Court."  United States v. Alcan Aluminum Corp., 315 F.3d 179, 189
(2d Cir. 2003) (citation and internal quotation marks omitted),
cert. denied, 540 U.S. 1103 (2004).  Thus, several courts have
held *Santos* established no binding precedent in this instance,
and pre-*Santos* precedent supplies the appropriate definition.
See, e.g., United States v. Howard, __ Fed. Appx. __, 2009 WL
205649, *10 (4th Cir. (N.C.)) (per curiam) ("Because *Santos* does
not establish a binding precedent that the term 'proceeds' means
'profits,' except regarding an illegal gambling charge, we are
bound by this Court's precedent establishing that 'proceeds'
means 'receipts.'"); Bull v. United States, 2008 WL 5103227, *8
(C.D. Cal.) ("[G]iven Justice Stevens' opinion that 'proceeds'
means 'profits' only for the purposes of laundering funds from an
illegal gambling business, the Court cannot conclude that *Santos*
announces a 'new rule' defining the term 'proceeds' to mean
'profits' in all statutes.  Therefore, the Court continues to use

see also id. at 2035-36 & n.1 (Alito, J., dissenting) (Five justices agree "the term 'proceeds' 'include[s] gross revenues from the sale of contraband and the operation of organized crime syndicates involving such sales.'" (citation omitted)).  The petitioner's money laundering conviction comes within this class of cases.  See United States v. Fleming, 287 Fed. Appx. 150, 155 (3d Cir.) ("Fleming asks for his conviction on this count to be reversed because the government failed to show, as the plurality in *Santos* would have required, that the 'proceeds' that Fleming laundered were profits, rather than gross receipts, from the drug conspiracy.  However, as Justice Alito points out in his dissent, "five Justices agree with the position" that "the term 'proceeds' 'include[s] gross revenues from the sale of contraband and the operation of organized crime syndicates involving such sales.'"  Santos, 128 S.Ct. at 2035 & n. 1 (quoting Justice Stevens's concurrence).  Therefore, even if the government did not show that the money involved in Fleming's money laundering conviction was profits from the drug sales, his conviction on this count must stand because, as we have stated, the term 'proceeds' includes gross revenues for drug sales."), cert. denied sub nom., Robinson v. United States, 129 S. Ct. 477 (2008), and cert. denied, __ S. Ct. __, 2009 WL 56620 (2009).  Thus, petitioner "has not made out a claim of actual innocence . . . [and] has not properly invoked the 'escape hatch' exception of § 2255 that would permit him to file a petition for habeas corpus under § 2241."  Stephens, 464 F.3d at 899.  Nor is it

---

the Ninth Circuit's definition of the term 'proceeds' in 18 U.S.C. § 1956 as 'that which is obtained . . . by any trans-action.'" (citations omitted)).  Of course, this interpretation would not benefit petitioner.  See United States v. Akintobi, 159 F.3d 401, 403-05 (9th Cir. 1998), cert. denied, 528 U.S. 927 (1999); Bull, 2008 WL 5103227 at *8.

8

1  clear that *Santos* changed the law in any way related to petitioner's
2  claim.  <u>Harrison</u>, 519 F.3d at 960-61; <u>Ivy</u>, 328 F.3d at 1060-61.

4       In Ground Two, petitioner claims "actual innocence" under *Booker*.
5  However, a *Booker* "claim is not, by itself, a claim of actual
6  innocence."  <u>Stephens</u>, 464 F.3d at 899.  Rather, a *Booker* claim
7  challenges petitioner's sentence, not his conviction; therefore, with
8  regard to this claim, petitioner cannot show "'it is more likely than
9  not that no reasonable juror would have convicted him.'"[5]  <u>Id.</u> at 898;
10 <u>see</u> <u>also</u> <u>Padilla v. United States</u>, 416 F.3d 424, 427 (5th Cir. 2005)
11 ("[B]ecause Padilla does not attack his conviction and his claim
12 challenges only the validity of his sentence [under *Booker* and <u>Blakely</u>
13 <u>v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403
14 (2004)], Padilla's § 2241 petition does not fall within the savings
15 clause of § 2255. . . ."); <u>Suarez v. Wrigley</u>, 2009 WL 80381, *3 (E.D.
16 Cal.) (federal habeas petitioner's claim that sentence imposed was in
17 excess of statutory maximum failed to show Section 2255 was
18 "inadequate or ineffective" since petitioner challenged only legality
19 of his sentence and not his conviction and, therefore, did not show
20 actual innocence).

22      For all these reasons, this Court finds the pending action is a
23 motion to vacate sentence under 28 U.S.C. § 2255, and not a habeas
24 corpus petition under Section 2241, and, as such, this Court does not

---

[5] In any event, Ground Two is without merit since "*Booker* is not retroactive, and does not apply to cases on collateral review where the conviction was final as of the date of *Booker*'s publication."  <u>United States v. Cruz</u>, 423 F.3d 1119, 1121 (9th Cir. 2005) (per curiam), <u>cert.</u> <u>denied</u>, 546 U.S. 1155 (2006); <u>Carrington v. United States</u>, 503 F.3d 888, 890 (9th Cir. 2007).

have jurisdiction to consider petitioner's Section 2255 motion.[6]  See 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move **the court which imposed the sentence** to vacate, set aside or correct the sentence." (emphasis added)).  Thus, this action should be summarily dismissed for lack of jurisdiction under Local Rule 72-3.2.[7]

**ORDER**

**IT IS HEREBY ORDERED** that the pending action be construed as a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255 and, as such, Judgment shall be entered summarily dismissing

---

[6] Petitioner also argues a writ of *audita querela* should be available since *Booker* announced a new rule of constitutional law.  However, the writ is not available to address petitioner's *Booker* claim.  Carrington, 503 F.3d at 890; United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001) (per curiam); see also United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam) ("'*Booker* does not apply retroactively to cases on collateral review. . . .'  There is, therefore, no colorable claim of a constitutional violation, and, hence, the absence of other avenues of collateral attack does not give rise to serious constitutional questions.  As a result, a writ of audita querela does not lie." (citation omitted)).

[7] Local Rule 72-3.2 provides that "if it plainly appears from the face of the [habeas] petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge."  Local Rule 72-3.2.

```
 1  the motion for lack of jurisdiction.
 2
 3       The Clerk of Court is ordered to serve this Opinion and Order and
 4  Judgment on petitioner.
 5
            2/23/09
 6  DATE: _____        _____
                                        DALE S. FISCHER
 7                                 UNITED STATES DISTRICT JUDGE

 8  PRESENTED BY:

 9  DATE:  February 6, 2009

10     /S/ Rosalyn M. Chapman
           ROSALYN M. CHAPMAN
11  UNITED STATES MAGISTRATE JUDGE

12  R&R-MDO\09-0656.mdo
    2/6/09
13
```

11